Grabau, J.
On July 18, 1996, the parties came before me on International Fidelity Insurance Company’s (“Fidelity”), Motion to vacate an order of forfeiture entered by the Superior Court (Doerfer, J.) on June 25, 1996. Fidelity’s Motion has been assented to by an Assistant District Attorney. For the reasons stated below, I deny Fidelity’s Motion.
Procedural History
On April 29, 1994, an indictment warrant issued for the arrest of the defendant, Richard D. North, (“North"). The warrant was recalled on May 2, 1994, and North was arraigned. A bail of $75,000 cash bail was ordered by the Court (Chernoff, J.), but was set without prejudice.[1] On May 9, 1994, North, as the principal, entered into a contract with Mr. Cosmo Gilberti (“Gilberti”), a bonding agent of Fidelity, to be released on bail. On that day, May 9, 1994, North was admitted to a $20,000.00 surety bail. North signed a form entitled “Promise to Appear.” The form reads in relevant part as follows:
I, as defendant, charged by complaint with the crime(s) listed above, understand that I am being released from custody according to the terms of release specified. I will personally appear before the above named Court at the date and time indicated, and I will appear for any continuance until the final decree, sentence, or order, and I will abide by it and not depart without leave. Further, I will appear before any Court to which the charges may be transferred or appealed, or to any sitting of the Superior Court to which I may be bound over or indicted to answer to any indictment, and I will appear for any continuance until the final decree, sentence, or order, and I will abide by it and not depart without leave. ■
Gilberti, the surety and bonding agent for Fidelity, signed the following statement:
I, as surety, understand and acknowledge that if the above named defendant fails to appear and abide by all orders of the Court according to the forgoing language, I will be liable, jointly and severally with the defendant to the Commonwealth of Massachusetts for the dollar amount specified in the terms of release. (Emphasis added.)
By May 18, 1996, the above case had been continued several times by order of several Superior Court judges sitting in the First Criminal Session in Norfolk County. On September 27, 1994, North failed to appear and was defaulted. A capias was issued for his arrest. The case was continued until September 28, 1994, regarding the forfeiture of bail. On September 28, 1994, the matter was continued to October 28, 1994, regarding the bail forfeiture. The criminal *598 docket does not reflect that the case was called on October 28, 1994. The case was brought to life on March 17, 1995, regarding the bail forfeiture, but no action was taken. The case was continued to May 15, 1995, but the docket entries do not show that the case was called on that day. On June 25, 1996, a judge of the Superior Court (Doerfer, J.), ordered the surety of $20,000.00 bond be forfeited to the Commonwealth. North was brought before me on July 3, 1996, after having been apprehended in Canada. North was held without bail[2] and the case was continued until July 17, 1996, at North’s request.
On July 3, 1996, an Assistant Clerk of the Norfolk Superior Court wrote a letter to Gilberti informing him that on June 25, 1996, the $20,000.00 bond posted for North had been ordered forfeited to the Commonwealth. The letter requested that Gilberti send a check in the amount of $20,000.00 made payable to the Norfolk Superior Court within 30 days.
The case was not called in the First Session on July 17, 1996, but the issue of bail was continued until August 7, 1996. In the interim, Fidelity brought the instant Motion.
Discussion
It is undisputed that North was defaulted on September 27, 1994, and he was apprehended in Canada in June 1996. Furthermore, the order of forfeiture was entered on June 25, 1996, despite the Assistant District Attorney not having moved for forfeiture of the surety bond and “in the absence of and without the knowledge of the surety, its agent or attorney.”
Fidelity, through counsel, represented that on June 24, 1996, the Assistant District Attorney and Fidelity’s attorney, conferenced this case by telephone and agreed that the surety would be defaulted but the surety bond would not be forfeited. Fidelity’s Motion states that, “This agreement would allow and facilitate an agreement between the Commonwealth and the surety reimbursing the Commonwealth for expenses incurred in effectuating the arrest of the defendant.”[3]
Fidelity contends, in support of its Motion, that North was apprehended with the assistance of the surety. Citing Commonwealth v. Stuyvesant Insurance Company, 366 Mass. 611 (1975), Fidelity also contends that, “[T]he Commonwealth may have interfered with the surety’s custody of the defendant, thus creating a potential defense to any action brought by the Commonwealth against the surety.” These are factual contentions which I cannot decide because the hearing held on Fidelity’s Motion was non-evidentiary and affidavits were not submitted in support of its Motion. Those issues are left for another day.
Rulings
General Laws, c. 271, §71 provides in relevant part that: “If a person under recognizance to appear and answer ... in a criminal case fails to appear according to his recognizance, . . . his default shall be recorded, his obligation and that of his sureties forfeited, and process issued against them or such of them as the prosecuting officer directs; . . .” The default entered against North on September 27, 1964, marked the breach of the contract. Gilberti’s failure to produce North on September 27, 1994, and North’s failure to appear, as required, resulted in the default of North and Gilberti, and the obligations of North and his sureties being forfeited. Stuyvesant, 366 Mass. at 614. When the surety is defaulted, the $20,000.00 becomes available once the Commonwealth initiates proceedings to a obtain a judgment of forfeiture. G.L.c. 276. §74. Neither the Court nor the Commonwealth owed Gilberti or Fidelity a duty to notify them before the order of forfeiture entered on June 25, 1996. Gilberti’s obligation to the Court was to make sure that North appeared at the required time. Gilberti had no obligation to appear at the Superior Court on September 27, 1994. I note, furthermore, that Gilberti and Fidelity had between September 27, 1994, and June 25, 1996, in which to apprehend North and surrender him to the Norfolk County Superior Court. The Court would then have had discretion to “remit the whole or any part of the penalty, if satisfied that the default of the principal was not with the connivance or consent of the bail.” G.L.c. 276, §69. After North was defaulted on September 27, 1994, the Commonwealth was obligated to initiate proceedings to obtain a judgment of forfeiture of the bond.[4] Furthermore, the Commonwealth does not have the authority to negotiate the contract for a sum less than the full amount of the bond. G.L.c. 276, §74.
Conclusion
Based on the above chronology of events, and applicable law, I rule that the order entered on June 25, 1996, for the forfeiture of the $20,000.00 bond, was proper.
ORDER
I order that International Fidelity Insurance Company’s Motion to Vacate Order of Forfeiture be DENIED.

North took a bail appeal to the Supreme Judicial Court. After hearing, the bail was reduced to $20,000. surety.

The default entered on September 27, 1994, was not removed.

See page 2 of Fidelity’s Motion.

Under G.L.c. 276, §§74 and 76, ajudge is given discretion where the district attorney or prosecuting officer files a certificate setting forth specific reasons, to remit “whole or part of remedy, or render judgment for part of the face amount of the bond” in the interests of justice. Stuyvesant, 366 Mass. at 615.